**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TEDDY TORRES COLON,**

    **Plaintiff,**

**v.**                                        **Case No:**   **6:15-cv-733-Orl-40KRS**

**KISSIMMEE B-LOGISTIC SERVICE,**
**INC., JAVIER AYALA and SOUTH EAST**
**EMPLOYEE LEASING SERVICES, INC.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following documents filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AS TO SOUTH EAST EMPLOYEE LEASING SERVICES, INC. (Doc. No. 42)** |
| **FILED:** | **November 30, 2015** |

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION . . . FOR APPROVAL OF SETTLEMENT (Doc. No. 60)** |
| **FILED:** | **May 10, 2016** |

**I.**    **BACKGROUND.**

On June 2, 2015, Plaintiff Teddy Torres Colon ("Colon") filed an amended complaint against Defendants South East Employee Leasing Services, Inc. ("SEELS"), Kissimmee B-Logistic Service, Inc. ("Kissimmee"), and Javier Ayala ("Ayala"). Doc. No. 16. He asserted claims for

failure to pay overtime compensation and retaliation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* *Id.*

Colon and SEELS subsequently filed a Joint Stipulation of Dismissal with Prejudice as to South East Employee Leasing Services, Inc. Doc. No. 42. That stipulation was not signed by Kissimmee or Ayala.

After a number of motions to approve earlier settlement agreements, *see* Doc. Nos. 45, 50, 55, 57, Colon, Kissimmee, and SEELS filed the instant motion, indicating that they revised their settlement agreement and requesting that the Court approve the settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 60. They submitted a copy of the settlement agreement with the motion. Doc. Nos. 60-1, 60-2. They also stipulate to dismissal of Plaintiffs' claims with prejudice upon settlement approval, but request that the Court retain jurisdiction to enforce their agreement. Doc. No. 60, at 4.

The motion for settlement approval was referred to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II. APPLICABLE LAW.

In *Lynn's Food*, the U.S. Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorneys' fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1]  If the Court finds that the payment to the attorney is not reasonable, it must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351–52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.  ANALYSIS.**

    *A.  Whether Plaintiff Has Compromised His Claim.*

Under the Settlement Agreement, Kissimmee and Ayala will pay a total of $8,400.00.  Doc. No. 60-1, at 1–2 ¶ 3.  Of that amount, Colon will receive $1,155.00, minus appropriate withholdings, as unpaid wages.  *Id.*  Colon will also receive $2,751.70 as liquidated damages.  *Id.*  Finally, Colon's counsel will receive $4,493.30 as attorneys' fees and costs.[2]  *Id.*

Colon originally believed that he was owed approximately $6,225.00 in unpaid overtime.  Doc. No. 60, at 3 n.2.  In his amended complaint, Colon also claimed an entitlement to an equal amount in liquidated damages.  Doc. No. 16 ¶¶ 37, 43.  Given that Colon will receive less than the

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[2] The agreement also contemplated that, if Kissimmee and Ayala made payment by April 30, 2016, Plaintiff would accept payments of $3,686.70 to himself and of $4,313.30 to his counsel as attorneys' fees and costs.  Doc. No. 60-1, at 2–3 ¶ 3.  However, that date passed prior to the filing of the instant motion, and the motion suggests that the sum was not paid by the deadline.  *See* Doc. No. 60, at 3–4.

amount to which he originally claimed he was entitled under the FLSA,[3] he has compromised his claim within the meaning of *Lynn's Food*.

      *B.*      *Whether the Amount Is Fair And Reasonable.*

Because Colon has compromised his claim, the Court must, under *Lynn's Food*, evaluate whether the settlement agreement is fair and reasonable. Through counsel, the parties represent that they disagree over whether Colon was paid for all overtime worked. Doc. No. 60, at 3. Colon claims that the time records kept by Kissimmee and Ayala do not reflect all the hours that he worked. *Id.* Kissimmee and Ayala, on the other hand, contend that their records are accurate and that Colon did not work in excess of forty hours per week. *Id.* The parties ultimately agreed to settle the matter to avoid the costs and uncertainty of continued litigation. *Id.*

These facts adequately explain the reasons for the compromise. Accordingly, I recommend that the Court find that the amount of the compromise is reasonable. *Cf. Bonetti*, 715 F. Supp. 2d at 1227 ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable.").

      *C.*      *Whether the Attorneys' Fees and Costs Undermine the Fairness of the Settlement Agreement.*

Because Colon has compromised his FLSA claims, the Court must also consider whether the payment to his attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Colon agreed to accept. *See Silva*, 307 F. App'x at 351. "[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach

---

[3] Colon represents that he subsequently adjusted his estimate of unpaid overtime wages downward to $3,906.70 after review of pertinent documents and time records. Doc. No. 60, at 3 n.2. Even were I to use that sum — which is the amount that Colon will personally receive under the settlement — as a benchmark, I would still conclude that it reflects a compromise, as it does not account for claimed liquidated damages.

agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered." *Bonetti*, 715 F. Supp. 2d at 1228.  If the parties do not agree to the attorney's fees "separately and without regard to the amount paid to the plaintiff," however, the Court should determine the reasonable fee using the lodestar approach.  *Id.*

Here, the parties represent that the attorneys' fees and costs were agreed upon separately and without regard to the amount to be paid for Colon's underlying claims.  Doc. No. 60, at 4.  Based on this representation, there is no reason to believe that the amount Colon agreed to accept was adversely affected by the amount of fees paid to his counsel.

> D. *Whether the Scope of the Release Undermines the Fairness or Reasonableness of the Settlement Agreement.*

The Court next must consider whether Colon's release of claims in the settlement agreement renders the agreement unreasonable.  *See generally Bright v. Mental Health Res. Ctr., Inc.*, No. 3:10-cv-427-J-37TEM, 2012 U.S. Dist. LEXIS 33929, at *17 (M.D. Fla. Mar. 14, 2012) ("Pervasive, overly broad releases have no place in settlements of most FLSA claims.").  Here, Colon agreed to a release of "any claims which were made by [him] in th[is] lawsuit."  Doc. No. 60-1, at 1.  Because this language is narrowly tailored to release only the FLSA claims that Colon asserted in this case, I recommend that the Court find the release does not undermine the agreement's reasonableness.

> E. *Whether the Court Should Dismiss the Action with Prejudice.*

Finally, Colon, Kissimmee, and Ayala request that the Court dismiss this case with prejudice. In that regard, I note that Colon and SEELS previously filed a joint stipulation of dismissal under Federal Rule of Civil 41(a), which was not signed by Kissimmee or Ayala.  Doc. No. 42.  Given that the stipulation was not signed "by all parties who ha[d] appeared," it was ineffective to dismiss

the claims against Kissimmee under Rule 41(a)(1)(A)(ii). Nevertheless, I will construe the filing as a motion to dismiss the claims against SEELS under Rule 41(a)(2).

Because neither Kissimmee nor Ayala have, to date, opposed the dismissal of SEELS and because those parties now seek dismissal of the case through their own motion, I recommend that the Court grant the request to dismiss the claims against SEELS with prejudice. I also recommend that the Court dismiss the remainder of the case with prejudice.

*F. Whether the Court Should Retain Jurisdiction to Enforce the Settlement Agreement.*

In their motion, the parties request that the Court retain jurisdiction to enforce the terms of the settlement. Doc. No. 60, at 4. The parties have made no argument and presented no facts in support of the request. Moreover, "[c]ourts in this District routinely deny requests to retain jurisdiction to oversee and enforce the terms of an FLSA settlement agreement." *Santiago-Valle v. Transition House, Inc.*, No. 6:15-cv-715-Orl-40GJK, 2015 U.S. Dist. LEXIS 169419, at \*12 (M.D. Fla. Dec. 10, 2015), *adopted by* 2015 U.S. Dist. LEXIS 169420 (M.D. Fla. Dec. 19, 2015); *see generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 398 (1994) ("[E]nforcement of the settlement agreement is for state courts . . . ."). In the absence of any compelling explanation as to why the Court should retain continuing jurisdiction to enforce the settlement, I recommend that the Court deny the parties' request.

**IV. RECOMMENDATION.**

For the reasons set forth above, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** the request to dismiss Colon's claims against SEELS (Doc. No. 42);

2. **GRANT in part** the Renewed Joint Motion . . . for Approval of Settlement (Doc. No. 60);

3. **FIND** that the parties' settlement agreement (Doc. No. 60-1) is a fair and reasonable resolution of a bona fide dispute under the FLSA;

4. **DISMISS** the case with prejudice;

5. **DECLINE** to retain jurisdiction over this matter to enforce the settlement agreement; and

6. **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 16, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE